IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEVON T. HUMES, *et al.*, | : | |
| | : | Case No. 1:12-cv-960 |
| Plaintiffs, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER GRANTING BLUE ASH |
| THE CITY OF BLUE ASH, *et al.*, | : | DEFENDANTS' MOTION TO |
| | : | DISMISS AND ORDER TO SHOW |
| Defendants. | : | CAUSE |
| | : | |

In this civil rights action,[1] Plaintiffs Jevon Humes, Ayisha Humes, and their two minor children claim that the City of Blue Ash, its police officers and detectives, and unnamed members of Hamilton County's SWAT team[2] violated their Fourth and Fourteenth Amendment rights and are liable to them under state law for assault and battery, negligent and intentional infliction of emotional distress, and false arrest/false prosecution/abuse of process. Plaintiffs' claims arise out of the execution of a search warrant at their residence on December 15, 2011. Before the Court is the motion to dismiss filed by the Blue Ash Defendants, Doc. 5.[3] For the reasons that follow, the Court **GRANTS** the motion.

## I. BACKGROUND

---

[1] The operative complaint is Plaintiffs' Amended Civil Rights Complaint, Doc. 2, hereinafter "the Complaint."

[2] The Complaint names Hamilton County Sheriff Simon Leis, Jr. and John and Jane Doe Hamilton County "Swat Team Members" as Defendants, but no proof of service has been filed for those Defendants.

[3] The Blue Ash Defendants are the City of Blue Ash, Police Chief Chris Wallace, Detective Robert Gerhardt, Detective James Kelly, Detective Dennis Boone, Officer Jeff Lewis, Officer Robert Rockel, Captain Bob Lily, and Officer Chris Zielinski.

The Complaint alleges the following facts.[4]  Blue Ash police officers claimed[5] to have received confidential tips from several sources that Jevon and Ayisha Humes were engaged in drug trafficking and drug abuse at their residence in Blue Ash, Ohio.  Based on these tips, Blue Ash Police Officer Jeff Lewis took trash from the Plaintiffs' Blue Ash premises.  Blue Ash Detectives Robert Gerhardt and James Kelly searched the trash and allegedly found marijuana, seeds, stems, residue, and plastic baggies.  Relying on this information, Detective Gerhardt applied for a warrant to search the Humes' residence.  A Hamilton County Municipal Court Judge signed the warrant on December 14, 2011.  The warrant permitted officers to search for marijuana; items used to manufacture, store, or use marijuana; and records pertaining to marijuana sales.

The following day, on December 15, 2011,[6] members of the Hamilton County SWAT team demanded entrance into the Humes' residence pursuant to the search warrant.  The Complaint alleges that the SWAT team members burst into the residence, pointed guns at Jevon and Ayisha Humes, and put a gun to the head of Plaintiffs' two-year-old minor child, J.H.  The SWAT team members harassed and terrorized Plaintiffs' pet dogs causing them to defecate on the floor of the residence.

---

[4]  A Court must take the allegations in the complaint as true, even if doubtful in fact.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5]  Plaintiffs contend that this claim was false and that the Blue Ash police fabricated the existence of the confidential informants.

[6]  The Complaint alleges that officers executed the warrant on December 15, 2012, but the remaining facts alleged demonstrate that the correct date is December 15, 2011.  *See* Doc. 2 ¶ 11.  Additionally, the indictment in the criminal case against Jevon Humes, attached to the motion to dismiss, shows that the applicable date is December 15, 2011.  *See* Page ID 37.  Consideration of this public record does not mandate the conversion of this dismissal motion into a motion for summary judgment.  *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

After the residence was secured by the SWAT team, Blue Ash Police Chief Chris Wallace and Officers Dennis Boone, Robert Lily, James Schaeffer, and Chris Zielinski entered the residence and conducted a search.  During the search, the officers found a marijuana cigarette and a small amount of marijuana in a baggie.  Officers also found and removed a toy pistol and a prescription bottle containing pills that Jevon Humes' doctor had prescribed to him.

Detective Gerhardt asked Hamilton County Job and Family Services to inspect the Humes residence.  Gerhardt believed that the residence was unclean and unsafe for the children, in part because it smelled of urine and feces and there was feces on the floor.  Plaintiffs contend that feces was on the floor because the SWAT team caused their dogs to defecate during the search and then the team members spread the feces around the house on the bottoms of their shoes.

Jevon Humes was charged with felony possession of oxycodone.  Ayisha Humes was charged with two misdemeanor counts of endangering children.  Both Jevon and Ayisha have been acquitted of these charges. The Humes' minor children were taken from them and Job and Family Services opened an investigation, which is pending.

## II. ANALYSIS

Plaintiffs' Complaint asserts four counts.  The first count, "Civil Rights Violations," states that the search warrant was illegal because there was no reliable confidential informant and, thus, there was no probable cause to support the warrant.  Plaintiffs assert that the Blue Ash Police Officers' search of their residence and seizure of items from the residence therefore violated their rights under the Fourth and Fourteenth Amendments.  Plaintiffs also assert that the Hamilton County SWAT team members violated their rights to be free from excessive force in

3

violation of the Fourth and Fourteenth Amendments when they pointed guns at them and at their two-year-old son. In count two, Plaintiffs claim that the SWAT team members are liable for assault and battery. In count three, Plaintiffs claim that the actions of Blue Ash Detectives Gerhardt, Kelly, and Boone constituted the intentional and/or negligent infliction of severe emotional distress. In Count four, Plaintiffs claim that the actions of Blue Ash Detectives Gerhardt, Kelly, and Boone constituted false arrest, false prosecution, and abuse of process.

The Blue Ash Defendants filed their motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). They claim that Plaintiffs have failed to allege facts that state any plausible claims, that the City of Blue Ash has no respondeat superior liability, that the City and its officers are entitled to sovereign immunity as to Plaintiffs' state law claims, that the state law claims for assault and battery and false arrest are time barred, and that the abuse of process claim is barred as a matter of law.

In their response in opposition to Defendants' motion, Plaintiffs concede the validity of certain of Defendants' arguments and withdraw certain claims. Plaintiffs withdraw the claim against the City of Blue Ash for civil rights violations (*see* Doc. 10 at Page ID 45), concede that the SWAT team and Blue Ash Police officers participating in the search (and not involved in pulling Plaintiffs' trash or obtaining the search warrant) are entitled to qualified immunity on the constitutional claims (*see id.* at Page ID 46), withdraw their state law claims against the City of Blue Ash (*see id.* at Page ID 47), and withdraw the claims of false arrest, false prosecution, and abuse of process against all Defendants (*see id.* at Page ID 48).

Based on the foregoing, all claims except counts one and three against Detective Gerhardt, Detective Kelly, and Officer Lewis are voluntarily withdrawn or are not an issue at

this time,[7] and the following Defendants are dismissed: the City of Blue Ash, Chris Wallace, Dennis Boone, Robert Rockel, Robert Lily, James Schaeffer, and Chris Zielinski. The only issues remaining for analysis are Plaintiff's emotional distress and Fourth and Fourteenth Amendment claims against Defendants Gerhardt, Kelly, and Lewis arising out of the trash pull and application for a search warrant.

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff and accept the factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The Court "need not, however, accept conclusory allegations or conclusions of law dressed up as facts." *Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Civ. P. 8(a). To withstand a dismissal motion, a complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court does not require "heightened fact pleading of

---

[7] Count two, comprising Plaintiffs' excessive force and assault and battery claims, is asserted only against the Hamilton County SWAT team members. See Doc. 2 ¶ 34 and 38, at Page ID 16. As the pending motion is brought by the Blue Ash Defendants, that count is not at issue here.

specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

### B. Federal Claims

United States Code Title 42 Section 1983 provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); see also *Joseph v. Curtin*, 410 F. App'x 865, 867 (6th Cir. 2010) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). To recover under § 1983, a plaintiff must prove that the defendant, while acting under color of state law, violated rights secured by the Constitution or laws of the United States. *Marcum v. Bd. of Educ. of Bloom-Carroll Local Sch. Dist.*, 727 F. Supp. 2d 657, 672 (S.D. Ohio 2010). A § 1983 claim against a defendant named in his individual capacity must be examined by determining (1) whether the plaintiff "was deprived of a right secured by the Constitution" and (2) whether any such deprivation occurred under color of state law. *Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 511 (6th Cir. 1996).

The first step in evaluating a § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright*, 510 U.S. at 271 (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). In the present case, Plaintiffs assert that the detectives' actions in searching their trash and obtaining the search warrant violated their rights under the Fourth and Fourteenth Amendments to the Constitution. Plaintiffs' claim regarding the seizure of their trash must be analyzed under the Fourth Amendment rather than the Fourteenth Amendment's Due Process

Clause because "the Fourth Amendment provides an explicit textual source of constitutional protection against unreasonable searches and seizures of 'houses, papers, and effects' and thus is preferred over the Fourteenth Amendment's more generalized notion of protection of property." *Burns v. Bitnar*, No. 99-2256, 2000 WL 876550, at *1 (6th Cir. June 22, 2000) (citing *Graham*, 490 U.S. at 394–95).  Likewise, the requirement that an application for a search warrant be supported by facts sufficient to comprise probable cause derives from the Fourth Amendment's Warrant Clause.  See *Franks v. Delaware*, 438 U.S. 154, 164 (1978).[8]  Thus, Plaintiffs' constitutional claims arising out of the officers' conduct in pulling and searching Plaintiffs' trash and obtaining a search warrant must be analyzed under the Fourth Amendment.

### 1. Trash Pull

The United States Supreme Court has held that the Fourth Amendment does not prohibit the warrantless search and seizure of garbage left for collection in an area accessible to the public.  *California v. Greenwood*, 486 U.S. 35, 40–41 (1988).  This is because an individual does not have a reasonable expectation of privacy with respect to garbage left outside for collection. *Id*. ("[H]aving deposited their garbage in an area particularly suited for public inspection and, in a manner of speaking, public consumption, for the express purpose of having strangers take it, respondents could have had no reasonable expectation of privacy in the inculpatory items that they discarded.")

The extent to which an individual's trash is exposed to the public is the focus of an inquiry into whether that individual has a reasonable expectation of privacy in his trash, not the

---

[8] The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

precise location of the trash in relation to the residence or the street.  *See United States v. Segura-Baltazar*, 448 F.3d 1281, 1287 (11th Cir. 2006) (citing *Greenwood*, 486 U.S. at 40; *United States v. Hall*, 47 F.3d 1091, 1096 (11th Cir. 1995); *United States v. Long*, 176 F.3d 1304, 1308 (10th Cir. 1999); and *United States v. Comeaux*, 955 F.2d 586, 589 (8th Cir.1992)).  These cases demonstrate that "[i]n garbage cases, Fourth Amendment reasonableness turns on public accessibility to the trash."  *Long*, 176 F.3d at 1308.

Plaintiffs allege a single fact regarding their claim that their rights were violated by the trash pull: that "Blue Ash Police Officer Lewis took trash from the Plaintiff's premises and delivered it to the Blue Ash Police Department."  Doc. 2 ¶ 18, at Page ID 14.  Plaintiffs do not allege that they had a reasonable expectation of privacy in the trash, nor do they provide any facts that would permit such an inference.  Naked assertions "without some further factual enhancement" are insufficient to state a claim for relief that is plausible on its face.  *Twombly*, 550 U.S. at 557.  Accordingly, Plaintiffs have not stated a plausible claim that they were deprived of a right secured by the Constitution when Defendants took and searched their trash.

### 2. Search Warrant

Plaintiffs assert that there was no probable cause for the search warrant because the warrant was secured based on a lie, namely, that the police had information about alleged drug activity at the residence from a confidential informant.  Plaintiffs state that Blue Ash officers never produced the name of the confidential informant referred to in the affidavit in support of the application for a search warrant and urge the Court to infer therefrom that Detective Gerhard fabricated the existence of the informant.

As an initial matter, the statement of the confidential informant was not necessary to the municipal court judge's finding of probable cause to search Plaintiffs' residence. The Sixth Circuit has recognized that information obtained from a trash pull alone can be sufficient to establish probable cause for a search warrant. For example, in *United States v. Lawrence*, the Sixth Circuit held that the discovery of plastic bags containing wrappers with cocaine residue in the defendant's trash sufficiently established probable cause—even after disregarding the confidential tip that precipitated the garbage search. *United States v. Lawrence*, 308 F.3d 623, 626 (6th Cir. 2002); *see also United States v. Patton*, No. 09-5887, 2011 WL 13911, at *2 (6th Cir. Jan. 4, 2011) (holding that remnants of marijuana cigarettes, marijuana seeds and stems, and a plastic bag containing marijuana residue found in the suspect's trash "standing alone" indicated a fair probability that evidence of drug possession would turn up in a search of the suspect's home). Likewise, in *United States v. Briscoe*, the Eighth Circuit held that an application for a search warrant showing that police found marijuana seeds and stems in the suspect's trash was sufficient, standing alone, to justify the issuance of a search warrant. *United States v. Briscoe*, 317 F.3d 906, 908–09 (8th Cir. 2003).

These decisions, and those like them, have led district courts to conclude that "[e]vidence from a trash pull, standing alone, can provide sufficient probable cause for issuance of the search warrant." *United States v. Lemons*, No. 4:11-cr-002, 2011 WL 5979401, at *2 (W.D. Ky. Nov. 29, 2011); *see also United States v. Wade*, No. 1:06-cr-21, 2006 WL 2583271, at *4 (W.D. Mich. Sept. 7, 2006) (concluding that the marijuana found in the trash provided a sufficient basis for a magistrate to conclude that probable cause existed to search the residence even after discrediting anonymous tip that precipitated the trash pull). Accordingly, Detective Gerhardt's affidavit

9

would have been sufficient even without the existence of the confidential informant's information.

Plaintiffs' Complaint fails to state a plausible Fourth Amendment claim for the additional reason that it does not allege any facts to support the naked assertion that Detective Gerhardt fabricated the existence of the confidential informant. That Blue Ash police did not disclose the name of the confidential informant is not evidence supporting a conclusion that the informant did not exist. For these reasons, Plaintiffs have failed to sufficiently allege, under the pleading standard set forth in *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 555, that Defendants violated their constitutional rights.

### C.  State Claims

Plaintiffs claim the Defendants are liable to them for causing them emotional distress. Defendants assert that they are entitled to immunity pursuant to Ohio Revised Code § 2744.03(A)(6), which provides employees of political subdivisions with immunity from liability unless "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code."

Plaintiffs do not allege that the acts of Defendants Gerhardt, Lewis, and Kelley were manifestly outside the scope of their employment, and they do not allege that there is a section of the Code which expressly imposes liability against them. Rather, Plaintiffs assert that these Defendants acted in bad faith by lying to the judge to secure the search warrant and by illegally pulling their trash.

There are insufficient facts in the Complaint to state a plausible claim for relief arising out of the detectives' conduct in obtaining the search warrant or pulling Plaintiffs' trash.  "'Bad faith' involves a dishonest purpose, conscious wrongdoing, the breach of a known duty through some ulterior motive or ill will, as in the nature of fraud, or an actual intent to mislead or deceive another."  *Simpson v. Mack*, No. 1:11-cv-314, 2012 WL 3028522, at *7 (S.D. Ohio July 25, 2012) (citing *Cook v. Cincinnati*, 103 Ohio App. 3d 80, 90–91, 658 N.E.2d 814 (Ohio App. 1995)).  Plaintiffs did not support their naked assertions of bad faith with any facts demonstrating that the officers lied about the existence of a confidential informant or consciously conducted an illegal trash pull.  Accordingly, the remaining Blue Ash Defendants are entitled to statutory immunity on Plaintiffs' state law claim alleging negligent and intentional infliction of emotional distress.  *See Chappell v. City of Cleveland*, 585 F.3d 901, 916 (6th Cir. 2009) ("Inasmuch as plaintiff has failed to demonstrate that defendants' conduct was objectively unreasonable, it follows that she has also failed to demonstrate that defendants acted with 'malicious purpose, in bad faith, or in a wanton or reckless manner,' such as is required to avoid statutory immunity under Ohio law.")

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Blue Ash Defendants' motion to dismiss, Doc. 5.  All Blue Ash Defendants are hereby DISMISSED.

Separately, the Court notes that Plaintiffs have not demonstrated proof of service upon Defendants Hamilton County Sheriff Simon Leis or John and Jane Doe SWAT Team Members.  The Court ORDERS Plaintiffs, within fourteen days, to show good cause for their failure to make service.  If Plaintiffs do not show good cause for their failure to serve these Hamilton

County Defendants within 120 days after the complaint was filed, the Court must dismiss the action against them pursuant to Federal Rule of Civil Procedure 4(m).

    IT IS SO ORDERED.

                                                                   ___s/Susan J. Dlott_____
                                                                     Chief Judge Susan J. Dlott
                                                                     United States District Court