IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEVON T. HUMES, *et al.*, | : |
| | : Case No. 1:12–cv–960 |
| Plaintiffs, | : |
| | : Chief Judge Susan J. Dlott |
| v. | : |
| | : ORDER GRANTING JOHN AND |
| THE CITY OF BLUE ASH, *et al.*, | : JANE DOE SWAT MEMBERS' |
| | : MOTION TO DISMISS |
| Defendants. | : |
| | : |

Plaintiffs Jevon Humes, Ayisha Humes, and their two minor children claimed that the City of Blue Ash, its police officers and detectives, and unnamed members of Hamilton County's SWAT team violated their constitutional rights and state law during the execution of a search warrant at their residence on December 15, 2011. The Blue Ash Defendants moved to dismiss the claims against them on several grounds, and the Court granted that motion. The cause of action remains open only as to unnamed members of Hamilton County's SWAT team. These "John and Jane Doe" SWAT members now move to dismiss the complaint for insufficient service of process and failure to state a claim. Doc. 33. For the following reasons, the Court will GRANT the motion and DISMISS the case in its entirety.

**I. BACKGROUND**

Relevant to the pending motion, the Amended Complaint alleges the following facts. On December 14, 2011, a Blue Ash detective applied for and obtained a warrant to search the residence of Jevon and Ayisha Humes. The warrant permitted officers to search for marijuana; items used to manufacture, store, or use marijuana; and records pertaining to marijuana sales.

1

On December 15, 2011, pursuant to the warrant, members of the Hamilton County SWAT team demanded entrance into the Humes' residence.  The Amended Complaint alleges that John and Jane Doe SWAT members burst into the residence, pointed guns at Jevon and Ayisha Humes, and put a gun to the head of Plaintiffs' two-year-old minor child, J.H.  The SWAT members also harassed and terrorized Plaintiffs' pet dogs causing them to defecate on the floor of the residence.

Plaintiffs filed a Complaint in this Court on December 14, 2012 and an Amended Complaint on December 28, 2012.  In the Amended Complaint, Plaintiffs assert two claims against the John and Jane Doe Hamilton County SWAT members in their individual and official capacities: (1) violation of their rights to be free from excessive force and deprivation of liberty without due process of law in violation of the Fourth and Fourteenth Amendments, and (2) assault and battery.

On May 28, 2013, this Court entered an order dismissing the Blue Ash Defendants named in the action.  In that Order, the Court observed that more than 120 days had passed since the filing of the Complaint and that the John and Jane Doe SWAT members had not been served. The Court gave Plaintiffs fourteen days to show good cause for their failure to make service on those Defendants.  Doc. 20 at Page ID 114–15.

On June 10, 2013, more than 180 days after the Complaint was filed, Plaintiffs filed proof of service showing that summons addressed to John and Jane Does 16-30 SWAT team members, Hamilton County Police Association, 4710 Montgomery Road, Norwood, Ohio 45212 had been served on Officer Vickers at the Hamilton County Police Association that same date.

*See* Doc. 24.  Thereafter, the John and Jane Doe SWAT members filed the instant motion to dismiss.

## II.  ANALYSIS

Defendants John and Jane Doe SWAT members filed a motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5), which permits dismissal for insufficient process, and 12(b)(6), which permits dismissal for failure to state a claim upon which relief can be granted.  Defendants argue that dismissal is proper because (1) the John and Jane Doe SWAT members remain unidentified and were never properly served, (2) the John and Jane Doe SWAT members are entitled to qualified immunity as a matter of law, (3) Jevon and Ayisha Humes' state law claims for assault and battery are barred by the applicable one-year statute of limitations, and (4) the John and Jane Doe SWAT members are otherwise entitled to sovereign immunity.  Because dismissal is appropriate for the first of these four reasons, the Court will analyze Defendants' motion on that argument alone and will not determine the propriety of dismissal for the remaining reasons.

Rule 4 of the Federal Rules of Civil Procedure has different requirements for serving summons on an individual and on a governmental entity.  Both sets of requirements are in force in this case because Plaintiffs sued the John and Jane Doe Hamilton County SWAT members in two capacities: their individual capacity and their official capacity.  "Suing a public official in his official capacity for acts performed within the scope of his authority is equivalent to suing the governmental entity."  *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).  Thus, "service of a defendant sued in his official capacity must be made under Fed. R. Civ. P. 4(j)."  *Cleary v. City of Hudson, Ohio*, No. 5:12–cv–1943,

2013 WL 5557394, at *2 (N.D. Ohio Oct. 7, 2013) (citing *Powers v. Collins*, No. 2:09–cv–501, 2010 WL 3526518, at *2 (S.D. Ohio Sept. 8, 2010)).

With respect to the individual capacity claims, Rule 4(e)(2) requires that a plaintiff perfect personal service on each defendant by delivering a copy of the summons and the complaint to the individual personally, leaving a copy of each at the individual's dwelling with some one of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). Without such personal service, a district court is without jurisdiction to render judgment against the defendant. *Harris v. City of Cleveland*, 7 F. App'x 452, 456 (6th Cir. 2001) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)). In this case, none of the John or Jane Doe SWAT members were served in a way that satisfied the requirements of personal service because none of the individuals were ever named. Thus, their dismissal for the purposes of the individual capacity claim against them is proper under Civil Rule 12(b)(5).

With respect to the official capacity claims against the John and Jane Doe SWAT members, Rule 4(j) requires that a governmental organization be served by delivering a copy of the summons and complaint to its chief executive officer or by serving a copy of each in the manner prescribed by that state's law for serving a summons on such a defendant. Fed R. Civ. P. 4(j). Ohio's rules for service of process specify that service shall be made upon "a county or upon any of its offices, agencies, districts, departments, institutions or administrative units, by serving the officer responsible for the administration of the office, agency, district, department, institution or unit or by serving the prosecuting attorney of the county." Ohio R. Civ. P. 4.2(L).

The summons addressed to John and Jane Doe SWAT members was served on Officer Vickers at the Hamilton County Police Association. Defendants state in their dismissal motion that Officer Vickers is not an authorized or appointed agent to receive service for the unnamed SWAT members.

Plaintiffs do not deny that the service of the summons was insufficient with respect to the claims against the SWAT members in their individual capacities. However, they contend that service was sufficient as to the official capacity claim, stating that "[t]he rules allow service of process at the usual place of abode of a defendant." As support for this statement, Plaintiffs refer to Federal Rule of Civil Procedure 4(e)(2)(B) which, contrary to Plaintiffs' assertion, pertains to service of an individual, not a governmental entity. Plaintiffs also cite *Daly-Murphy v. Winston*, 820 F.2d 1470 (9th Cir. 1987) as support. That decision was amended by *Daly-Murphy v. Winston*, 837 F.2d 348 (9th Cir. 1987). In the amended decision, the court found that service of process at the Veterans Administration medical center where the defendants worked was sufficient to establish jurisdiction over them in their official capacity. *Id*. at 355. However, the complaint and summons were *served on the authorized agent for service* at the medical center in that case. *Id*. Therefore, serving the named defendants through an authorized agent at their place of employment was sufficient to establish jurisdiction over them in their official capacities.

*Daly-Murphy* in no way supports Plaintiffs' position: service in that case was upon an agent authorized to receive service of process, and the defendant was an employee of a federal agency. There are different Civil Rules for serving process on the United States and its agencies or employees and for serving process on a local government: Rule 4(i) applies to the United States and its agencies or employees and was applicable in *Daly-Murphy*; Rule 4(j) applies to

5

local governments and is applicable to the official capacity claim here.  There is nothing in the record to demonstrate that service of the summons and Complaint on Officer Vickers at the Hamilton County Police Association satisfied Rule 4(j)'s requirements for service on the John and Jane Doe Hamilton County SWAT members in their official capacity.

Plaintiffs' failure to comply with the Civil Rules pertaining to service is egregious given that, after the 120-day deadline had passed, this Court allowed them additional time to serve the John and Jane Doe SWAT members.  *See* Doc. 20.  Despite being provided this additional time, Plaintiffs apparently did not examine the federal or state rules in order to determine how to properly serve these Defendants.

There is abundant authority supporting the dismissal of John Doe defendants when a plaintiff has failed to effect service of process on them within the 120 days required by Rule 4(m).  *See*, *e.g.*, *Dubose v. City of Morristown*, No. 2:07–cv–115, 2009 WL 1766008, at *6 (E.D. Tenn. June 22, 2006) (dismissing all John Doe defendants where there was no showing that plaintiff had obtained service of process on them and more than 120 days had passed since the filing of the complaint); *Doughty v. City of Vermillion*, 118 F. Supp. 2d 819, 821 n.1 (N.D. Ohio 1999) (failure to complete service of process on John Doe defendants within 120 days an additional reason for dismissing those defendants); *Cox v. Lawson*, No. CIV. A. 397CV–678–S, 1998 WL 34078441 (W.D. Ky. Dec.18, 1998) (failure to show good cause for not meeting service requirements of Rule 4(m) grounds for dismissing "Unknown Defendants"); *Collins v. IRS*, No. 1:94–CV–685, 1995 WL 545285 (N.D. Ohio May 26, 1995) (failure to obtain service on John/Jane Doe defendants in accordance with Rule 4(m) grounds for dismissal of those defendants).  The Court is persuaded by this authority.  Because Plaintiffs did not obtain service

6

upon John and Jane Doe SWAT members in either their individual or official capacities within 120 days after the complaint was filed as is required by Federal Rule of Civil Procedure 4(m), the Court must dismiss the action without prejudice against those defendants.

## III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the John and Jane Doe SWAT members' motion to dismiss, Doc. 33.  Because there are no Defendants remaining in this case, the action is hereby DISMISSED in its entirety.

IT IS SO ORDERED.

      \_\_\_s/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court